UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

LATOYA BURTON,

    Plaintiff,

v.

GOBRANDS, INC. d/b/a GOPUFF,
a Delaware Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, LATOYA BURTON ("BURTON" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, GOBRANDS, INC, d/b/a GOPUFF (hereinafter "GOPUFF" or "Defendant") and says:

### JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Palm Beach County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an Operations Associate.

6. Plaintiff is a Black female who experienced disparate treatment, a hostile work environment, and retaliation on the basis of her sex. Plaintiff is, therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex.

7. Defendant is a Delaware corporation registered to do business within Florida, with an Operations Center in Boca Raton, Florida, where Plaintiff was employed during the relevant time period to this Complaint. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about June 30, 2022, which was no more than 300 days after the last discriminatory event occurred[1], to wit: March 31, 2022.

11. Plaintiff was issued a Notice of Suit Rights on August 16, 2023. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff, a female, worked for Defendant as an operations associate from on or about December 2021, until her termination on February October 31, 2022.

13. Plaintiff worked for Defendant as an Operations Associate.

14. While working at GOPUFF, Plaintiff was first subject to unwelcome conduct by a coworker based on her sex beginning in December 2021.

15. Plaintiff complained to her supervisor, Jeffrey LNUK, of her coworker, Norman Hippolyte, inappropriate behavior towards women, but her complaints were ignored.

16. Upon informing Defendant of the unwelcomed conduct, Plaintiff was inexplicably subject to retaliatory acts, such as, a reduced work schedule, a delayed raise, and meritless disciplinary actions, up to and including her termination.

17. On March 10, 2022, Plaintiff was once again subject to inappropriate touching on two occasions by her coworker.

18. On the first occasion, while Plaintiff was in the lobby, Norman purposely and needlessly rammed into Plaintiff.

19. Plaintiff immediately informed her supervisor, Jeffrey LNUK, of the incident.

---

[1] Plaintiff was subsequently terminated from her position on October 31, 2022.

20. Later in the evening, Norman intentionally got behind Plaintiff while she was bending over to pack an order; there were two separate exit routes that Norman could have taken to avoid interaction with Plaintiff.

21. As a result of the two incidents, BURTON's hours were reduced to a greater extent than all other operations associates.

22. Plaintiff and her coworker were not separated for various weeks following the March 10, 2022 incidents.

23. On March 31, 2022, Norman and Plaintiff were again scheduled to work on the same shift.

24. Norman, while walking past Plaintiff, lowered his shoulder and intentionally struck Plaintiff.

25. Plaintiff called the police and informed the responding officer of what had transpired; that incident marked the second time in less than a week that the police had been called to Defendant's premises in response to an action taken by Norman.

26. Defendant delayed Plaintiff's raise until on or about September 2022.

27. Plaintiff was then terminated on October 31, 2022.

28. Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's sex and complaints about Sexual Harassment and a Hostile Work Environment were, at minimum, a motivating factor(s) in Defendant's disparate treatment of Plaintiff including but not limited to Defendant's decision to terminate Plaintiff.[2]

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

30. Plaintiff is entitled to reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON SEX)

31. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

32. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000-e for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her sex, female.

33. Plaintiff is a member of a protected class, to wit, female.

34. Plaintiff experienced discriminatory treatment due to her sex.

35. While working at GOPUFF, Plaintiff was first subject to unwelcome conduct by a coworker based on her sex beginning in December 2021.

36. Plaintiff complained to her supervisor, Jeffrey LNUK, of her coworker, Norman Hippolyte, inappropriate behavior towards women, but her complaints were ignored.

37. Plaintiff was treated less favorably than her male coworkers. Specifically, she received disparate treatment compared to other similarly situated individuals in a non-protected class, disparate treatment such as reduced hours, delayed raise(s), and meritless disciplinary actions, up to and including her termination.

38. Due to the disparate treatment inflicted on Plaintiff on the basis of her sex, Plaintiff was terminated.

39. Defendant did not proffer any legitimate, non-discriminatory reason for Plaintiff's termination. Even if Defendant did provide a reason for termination, that reason would be

pretextual at best as Plaintiff was never disciplined or counseled about her performance prior to her termination.

40. Defendant's agents acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII.

41. Defendant did not have a legitimate, non-discriminatory reason for terminating BURTON.

42. However, even if Defendant had a legitimate, non-discriminatory reason, BURTON's sex was, at minimum, a motivating factor in that decision.

43. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII.

44. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Norman Hippolyte, Jeffrey LNUK and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

45. WHEREFORE, Plaintiff LATOYA BURTON requests that:

> a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

  b. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

  c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (HOSTILE WORK ENVIRONMENT)

46. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

47. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's coworkers inflicted on Plaintiff on the basis of her sex.

48. Plaintiff is a member of a protected class, to wit, female.

49. Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from her coworker due to her sex.

50. Managers constantly treated Plaintiff less favorably than Plaintiff's non-female coworkers. Specifically, Plaintiff was subject to unwelcome harassment, such as Norman's egregious behavior in the form of unwelcome touching, physical aggression, and continuous taunting due to her sex, ultimately leading to her termination.

51. Defendant's repeated and consistent disparate treatment of Plaintiff was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive; Plaintiff's working conditions were also altered in the form of reduced hours, delayed raise(s), and meritless disciplinary actions. Defendant's managers' and coworker's conduct was severe and pervasive from both a subjective and objective perspective.

52. Defendant, including its managers and/or coworker, acted with intentional disregard for Plaintiff's rights as a female protected under Title VII. Defendant, by and through

its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and employees.

53. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

54. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATOYA BURTON requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

55. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

56. Plaintiff brings this action for retaliation in violation of Title VII.

57. Plaintiff experienced discriminatory treatment because Plaintiff is female.

58. Plaintiff complained about the discriminatory treatment due to her sex, to wit, female.

59. Due to Plaintiff's complaints, Defendant retaliated against Plaintiff in the form of reduced hours, delayed raise(s), and meritless disciplinary actions, up to and including her termination.

60. Defendant's reasons for Plaintiff's termination were pretextual.

61. Plaintiff's termination constitutes an adverse employment action under Title VII.

62. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisor, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATOYA BURTON requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

    b.   The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c.   The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: VIOLATION OF FCRA
## (DISCRIMINATION BASED ON SEX)

63. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

64. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 et seq., for damages caused by Defendant's disparate treatment of Plaintiff.

65. Plaintiff is a member of a protected class, to wit, female.

66. Plaintiff experienced discriminatory treatment due to her sex.

67. While working at GOPUFF, Plaintiff was first subject to unwelcome conduct by a coworker based on her sex beginning in December 2021.

68. Plaintiff complained to her supervisor, Jeffrey LNUK, of her coworker, Norman Hippolyte, inappropriate behavior towards women, but her complaints were ignored.

69. Plaintiff was treated less favorably than her male coworkers. Specifically, received disparate treatment compared to other similarly situated individuals in a non-protected class, disparate treatment such as reduced hours, delayed raise(s), and meritless disciplinary actions, up to and including her termination.

70. Due to the disparate treatment inflicted on Plaintiff on the basis of her sex, Plaintiff was terminated.

71. Defendant did not proffer any legitimate, non-discriminatory reason for Plaintiff's termination. Even if Defendant did provide a reason for termination, that reason would be pretextual at best as Plaintiff was never disciplined or counseled about her performance other than the incidents alleged, prior to her termination.

72. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's sex was, at minimum, a motivating factor in Defendant's adverse employment decisions.

73. Defendant acted with intentional disregard for Plaintiff's rights as a Female protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Norman Hippolyte, Jeffrey LNUK and/or other managers and/or employees.

74. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

75. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATOYA BURTON requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

        discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT V: VIOLATION OF FCRA**
**(HOSTILE WORK ENVIRONMENT)**

76. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

77. Plaintiff brings this action under FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of race and/or national origin.

78. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's coworkers inflicted on Plaintiff on the basis of her sex.

79. Plaintiff is a member of a protected class, to wit, female.

80. Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from her coworker, due to her sex.

81. Managers constantly treated Plaintiff less favorably than Plaintiff's non-female coworkers. Specifically, Plaintiff was subject to unwelcome harassment, such as Norman's egregious behavior in the form of unwelcome touching, physical aggression, and continuous taunting due to her sex ultimately leading to her termination.

82. Defendant's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive; Plaintiff's working conditions were also altered in the form of reduced hours, delayed raise(s), and meritless disciplinary actions. Defendant's managers' and coworker's conduct was severe and pervasive from both a subjective and objective perspective.

83. Defendant, including its managers and/or other non-female employees, acted with intentional disregard for Plaintiff's rights as a female protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its manager and/or non-female employees.

84. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

85. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATOYA BURTON requests that:

    e. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

    discriminatory treatment in an amount to be determined at trial and in accordance with FCRA;

  f. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

  g. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

  h. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VI: VIOLATION OF FCRA
### (RETALIATION)

86. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

87. Plaintiff brings this action for retaliation in violation of FCRA.

88. Plaintiff experienced discriminatory treatment because Plaintiff is Asian.

89. Plaintiff complained about the discriminatory treatment due to her sex, to wit, female.

90. Due to Plaintiff's complaints, Defendant retaliated against Plaintiff in the form of reduced hours, delayed raise(s), and meritless disciplinary actions, up to and including her termination.

91. Defendant's reasons for Plaintiff's termination were pretextual.

92. Plaintiff's termination constitutes an adverse employment action under FCRA.

93. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized,

condoned, and/or ratified the unlawful conduct of its owner, supervisors, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATOYA BURTON requests that:

d. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

e. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

f. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

g. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff LATOYA BURTON hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 13, 2023.

                                        LAW OFFICES OF CHARLES EISS, P.L.
                                        Attorneys for Plaintiff
                                        7951 SW 6th Street, Suite 112
                                        Plantation, Florida 33324
                                        (954) 914-7890 (Office)
                                        (855) 423-5298 (Facsimile)

By:    /s/ Charles M. Eiss
             CHARLES M. EISS, Esq.
             Fla. Bar #612073
             chuck@icelawfirm.com